**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 64**

Docket No. DC-1221-15-0730-W-1

**Aubrey J. El,**

**Appellant,**

**v.**

**Department of Commerce,**

**Agency.**

December 21, 2015

Aubrey J. El, Richmond, Virginia, pro se.

John K. Guenther, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      This case is before the Board on the appellant's petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction.  For the reasons set forth below, we AFFIRM the initial decision AS MODIFIED, still DISMISSING the appeal for lack of jurisdiction.

## BACKGROUND

¶2      The appellant filed an IRA appeal in which he alleged that his December 13, 2013 termination for misuse of his Government travel card was in retaliation for protected disclosures he made to agency personnel regarding delays in processing his claims for reimbursement of his travel expenses.  Initial

Appeal File (IAF), Tab 1 at 5. He also alleged that the agency refused to reinstate him because of those disclosures and a similar disclosure he made after he was terminated. *Id.* With his appeal, the appellant submitted a March 31, 2015 closure letter from the Office of Special Counsel (OSC) advising him that it had concluded its inquiry into his allegations. *Id.* at 11. OSC issued another closure letter on June 3, 2015, referencing the same file number as in its March 31, 2015 closure letter.[1] IAF, Tab 15 at 19-20; IAF, Tab 1 at 11-12. In the June 3, 2015 letter, OSC stated that the appellant asserted that he did not timely receive the March 31, 2015 closure letter and asked OSC to consider additional information relevant to the allegations he raised earlier. After doing so, OSC again determined to close its file. IAF, Tab 15 at 19-22.

¶3    In its response to the appellant's IRA appeal, the agency moved for dismissal for lack of jurisdiction on the basis that the appellant failed to make a protected disclosure or engage in protected activity and that, as to his claim that the agency failed to reinstate him, he was not subjected to a personnel action. IAF, Tab 11. The administrative judge issued an order setting forth the appellant's burden to establish the Board's jurisdiction over his IRA appeal and, if he did so, his further burden to establish that the agency, in fact, retaliated against him for his whistleblowing. IAF, Tab 14. After the appellant responded,[2] IAF, Tabs 15, 18, the agency again moved that the appeal be dismissed for lack of jurisdiction, arguing that the appellant was attempting to use his disclosures as a shield against its legitimate inquiry into the improper charges to his Government travel card, which predated his complaints regarding delays in the processing of

---

[1] Both letters referenced OSC File Number MA-15-1940. IAF, Tab 15 at 19-20; IAF, Tab 1 at 11-12.

[2] The appellant did not at that time submit a copy of his OSC complaint. Nor did he do so at any time during the adjudication of his appeal, despite being directed to do so. IAF, Tab 14.

his travel reimbursements and which formed the basis for his termination, IAF, Tab 19 at 19.

¶4    The administrative judge issued an initial decision based on the written record[3] dismissing the appeal for lack of jurisdiction.[4] IAF, Tab 23, Initial Decision (ID) at 7-8.  He found that the personnel action appealed, the appellant's termination during his probationary period,[5] is not an otherwise appealable action and thus only could be reviewed by the Board as an IRA appeal, ID at 2; that the appellant filed a complaint with OSC and that OSC had accepted his disclosure regarding delays in reimbursement of his travel claims and the personnel action of his termination and the agency's refusal to rescind it as having resulted from the disclosure, ID at 4-5; but that the disclosure was not sufficiently detailed and specific in that it did not identify a violation of law, rule, or regulation, and therefore did not rise to the level of a nonfrivolous allegation of a protected

---

[3] The administrative judge did not convene the hearing the appellant requested, finding that he failed to raise nonfrivolous allegations of fact which, if proven, could establish the Board's jurisdiction over the appeal.  ID at 1 n.1; *see Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 20 (2002) (concluding that an appellant is entitled to a hearing on the merits of an IRA appeal if he proves exhaustion and makes nonfrivolous allegations of the remaining elements of his appeal).

[4] It is clear from the initial decision that the administrative judge determined that the Board lacks jurisdiction over this appeal and therefore dismissed the appeal for lack of jurisdiction.  ID. We thus disregard as a drafting error the administrative judge's statement at the beginning of his decision that the appellant's request for corrective action was denied.  ID at 2.

[5] As an employee in the excepted service, the appellant was serving in his trial period and not his probationary period.  We discern no significance in the administrative judge's mischaracterization of the appellant's service.  The appellant previously appealed to the Board his termination during his trial period based on his alleged misuse of his Government travel card.  *El v. Department of Commerce*, MSPB Docket No. DC-0752-14-0418-I-1.  The administrative judge in that matter dismissed the appeal for lack of jurisdiction, and the full Board affirmed the initial decision as modified, still dismissing the appeal for lack of jurisdiction.  *El v. Department of Commerce*, MSPB Docket No. DC-0752-14-0418-I-1, Final Order at 2, 4 (Feb. 20, 2015).

disclosure, ID at 5-7. The administrative judge thus concluded that the appellant failed to make a nonfrivolous allegation of facts sufficient to establish the Board's jurisdiction over his IRA appeal. ID at 7.

¶5      The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition and the appellant has replied to that response. PFR File, Tabs 3-4.

## ANALYSIS

¶6      The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 7 (2011). Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal. *See, e.g.*, *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 14 (2014) (concluding that to establish IRA jurisdiction, an appellant must make a specific and detailed allegation of wrongdoing, rather than a vague one); 5 C.F.R. §§ 1201.4(s) (a nonfrivolous allegation must be more than conclusory), 1201.57.[6]

---

[6] The Board amended its regulations effective March 30, 2015, governing how jurisdiction is established over several different types of Board appeals. *See* 80 Fed. Reg. 4489 (Jan. 28, 2015). Although this appeal was pending at the time the Board's amended regulations went into effect, the principles embodied in the amended regulations that apply to IRA appeals are consistent with the Board's historical approach to establishing jurisdiction over such actions and do not impose a new jurisdictional standard. The outcome of this appeal is not affected by these regulatory changes.

As noted above, the administrative judge in this appeal found, among other things, that the appellant had exhausted his remedies with OSC, but that his disclosure lacked the adequate specificity to constitute a nonfrivolous allegation of a protected disclosure.  ID at 4-7.

The appellant failed to establish Board jurisdiction over his appeal.

¶7        In his petition for review, the appellant challenges the administrative judge's finding that his claim that he made a protected disclosure when he told agency officials about alleged delays in reimbursing his travel claims was not sufficiently specific to constitute a nonfrivolous allegation of Board jurisdiction.[7] PFR File, Tab 1 at 13-14.  In support of his claim, the appellant refers to a January 7, 2015 letter he wrote to OSC in which he referenced a National Oceanic Atmospheric Administration (NOAA) regulation, which requires that timely filed travel claims be reimbursed within 30 days.  *Id.*; *see* IAF, Tab 4 at 6.  Although it is appropriate to consider an employee's supplements to his OSC complaint, *see Mitchell v. Department of the Treasury*, 68 M.S.P.R. 504, 511 (1995), the

---

[7] As to the appellant's argument that the agency terminated him because of these disclosures, he raised this claim in an earlier IRA appeal.  There, another administrative judge found that the appellant failed to claim to OSC that the agency's actions, including his termination, were in retaliation for his having made protected whistleblowing disclosures, concluding that the claim was therefore not properly before the Board, and dismissing the appeal for lack of jurisdiction.  *El v. Department of Commerce*, MSPB Docket No. DC-1221-14-1132-W-1, Initial Decision (Dec. 19, 2014). The full Board denied the appellant's petition for review of that initial decision and affirmed the initial decision, which became the Board's final decision.  *El v. Department of Commerce*, MSPB Docket No. DC-1221-14-1132-W-1, Final Order (Apr. 15, 2015).  Although the issue of whether the appellant's pretermination complaints that delays in the reimbursement of his travel claims constituted a protected disclosure, as raised in his first IRA appeal, is the same as that raised in this IRA appeal, the issue was not actually litigated in the prior appeal because the administrative judge in that appeal did not determine whether the appellant nonfrivolously alleged that his disclosures were protected.  *Id.*; *see Johnson v. Department of the Air Force*, 92 M.S.P.R. 370, ¶ 13 (2002).  Therefore, we find that consideration of the claim the appellant now raises is not barred by collateral estoppel. *See Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988).

administrative judge did not acknowledge the appellant's January 7, 2015 letter to OSC, ID. Thus, we consider it now.

¶8          In his January 7, 2015 letter to OSC, the appellant explained that, in addition to the disclosures he made to agency personnel regarding his termination and the agency's failure to reinstate him, he wrote a letter on January 27, 2014, to the agency's Office of Civil Rights (OCR) which he "copied to" various agency officials,[8] asserting his belief that they did not respond to his request for reinstatement in part due to the disclosures he made regarding the agency's delays in processing his travel claims.[9]  IAF, Tab 4 at 6-7, Tab 17 at 10-14. However, the disclosures in the January 27, 2014 letter to OCR refer only to extreme delays in the processing of the appellant's travel claims, IAF, Tab 17 at 14, and therefore, like his pretermination disclosures to agency personnel, IAF, Tab 4 at 8-12, 16, Tab 15 at 26-27, they only vaguely allege wrongdoing and thus, do not constitute a nonfrivolous allegation of a violation of law, rule, or regulation, *see Linder*, 122 M.S.P.R. 14, ¶ 14; *Mason*, 116 M.S.P.R. 135, ¶7. Thus, these disclosures do not constitute nonfrivolous allegations of jurisdiction.

---

[8] Our review of the letter does not reflect that it was copied to anyone.  IAF, Tab 17 at 10-15.

[9] The administrative judge did consider "other communications" the appellant characterized as disclosures, but found that they all occurred after his termination and therefore could not have contributed to an event that happened previously.  ID at 5; *see Davis v. Department of Defense*, 106 M.S.P.R. 560, ¶ 12 (2007) (stating that because the complained of personnel action predated the protected disclosure, there is no way the protected disclosure could have contributed to the personnel action), *aff'd*, 278 F. App'x 1009 (Fed. Cir. 2008).  Because the January 27, 2014 letter arguably could have contributed to the agency's failure to reinstate the appellant, we have considered it.

¶9    We find, however, that the appellant's January 7, 2015 letter to OSC may itself be considered a protected disclosure under 5 U.S.C. § 2302(b)(8)(B)(i).[10] In the letter, the appellant disclosed that the agency's delays in the reimbursement of his travel claims violated NOAA travel regulations which, he asserted, require that timely filed travel claims be reimbursed within 30 days, and he stated that most, if not all, of his travel claims took over 30 days to be reimbursed, without any justification.  IAF, Tab 4 at 6.  OSC acknowledged this restated claim in its closure letter of June 3, 2015, IAF, Tab 15 at 21, and therefore the appellant exhausted his remedy before OSC as to that restatement of his earlier disclosure.  With the additional claim that the agency violated its own regulations by not reimbursing his travel claims within 30 days, we find that the appellant made a nonfrivolous allegation that he made a protected disclosure.  *See Fisher v. Environmental Protection Agency*, 108 M.S.P.R. 296, ¶ 9 (2008) (stating that, in making a disclosure involving a violation of law, rule, or regulation, there is no de minimis exception for a disclosure falling within the scope of 5 U.S.C. § 2302(b)(8)(A)(i)).

¶10   However, the personnel actions of which the appellant complains, his 2013 termination and the agency's subsequent refusal to reverse that action, well predated his January 7, 2015 letter to OSC and therefore that letter could not have

---

[10] The WPEA amended 5 U.S.C. § 2302(b)(8)(B)(i) by providing that it is a prohibited personnel practice to take or fail to take, or threaten to take or fail to take, any personnel action against an employee or applicant for employment because of:

> **any** disclosure to the Special Counsel, or to the Inspector General of an agency or another employee designated by the head of the agency to receive such disclosures, of such information which the employee or applicant reasonably believes evidences any violation (other than a violation of this section) of any law, rule, or regulation.

*Id*. (emphasis added).  The WPEA has not, however, otherwise changed the definition of a protected disclosure.

contributed to those actions. *See Davis v. Department of Defense*, 106 M.S.P.R. 560, ¶ 12 (2007) (stating that, because the complained of personnel action predated the protected disclosure, there was no way the protected disclosure could have contributed to the personnel action), *aff'd*, 278 F. App'x 1009 (Fed. Cir. 2008). Accordingly, the appellant failed to establish the Board's jurisdiction over his restated claim. We find, therefore, that the administrative judge's failure to consider the appellant's January 7, 2015 letter did not prejudice his substantive rights.[11] *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶11    The appellant also argues on review that the administrative judge exceeded his authority when he found that the appellant failed to nonfrivolously allege that he disclosed gross mismanagement or a gross waste of funds by the agency. PFR File, Tab 1 at 16. After finding that the appellant's disclosure regarding delays in the reimbursement of his travel claims did not amount to a nonfrivolous allegation that the agency violated a law, rule, or regulation, ID at 6, the administrative judge went on to consider whether the disclosure might amount to a nonfrivolous allegation of any of the other categories listed under 5 U.S.C. § 2302(b)(8)(A)(ii), specifically gross mismanagement or a gross waste of funds, ID at 6-7. The administrative judge concluded that it did not. *Id*. In so doing,

---

[11] The appellant also claims that, in his "declaration," he cited the agency and Federal Travel Regulations regarding reimbursement of travel expenses which, he alleged, the agency violated by its delays. PFR File, Tab 1 at 14. However, the "declaration" to which the appellant refers was prepared during the adjudication of this appeal. IAF, Tab 15. As such, it has no bearing on whether he reasonably believed he was disclosing a violation of law, rule, or regulation at the time he made the disclosure. *See Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 13 (2015) (finding that the test is whether the appellant had a reasonable belief that he was disclosing a violation of law, rule, or regulation when he made the disclosure, not in light of events or conversations occurring thereafter).

the administrative judge did not, as the appellant suggests, run afoul of the Board's holding that it does not require, as a basis for its jurisdiction, that an appellant in an IRA appeal correctly label a category of wrongdoing. *See Horton v. Department of Veterans Affairs*, 106 M.S.P.R. 234, ¶ 16 n.* (2007). Rather, it is because the appellant is not required to correctly label a category of wrongdoing that the administrative judge attempted to read the appellant's claims in the broadest possible way to determine if he had raised a nonfrivolous allegation of Board jurisdiction. Thus, we conclude that the appellant has failed to show any abuse of authority by the administrative judge in this regard. *See* 5 C.F.R. § 1201.41(b)(5)(iii) (administrative judges are authorized to ensure a fair and just adjudication of the case).

¶12      The appellant further contends that the administrative judge erred by not considering whether he "may have been" perceived as a whistleblower. PFR File, Tab 1 at 19. The administrative judge provided notice to the appellant regarding how to establish jurisdiction over an IRA appeal as a perceived whistleblower, IAF, Tab 14 at 4-5, and the appellant raised the issue before the administrative judge, albeit in a submission filed after the close of the record below, IAF, Tab 22 at 6. Even if we were to consider this claim, the appellant has not shown that he exhausted his remedy with OSC on this issue. *See* IAF, Tabs 1, 15, 18, 22. As a result, we find that he has not established the Board's jurisdiction over this claim. *See King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 9 (2011) (stating that an appellant must establish that she exhausted her remedies with OSC on whether the agency perceived her as a whistleblower).

<u>Absent a finding of jurisdiction, the Board need not address matters related to the merits of the appellant's claim.</u>

¶13      In addition to the foregoing, the appellant argues on review that the administrative judge erred by not considering that his termination was causally connected to his disclosures. PFR File, Tab 1 at 18-19. However, having found that the appellant failed to nonfrivolously allege that he made a protected

disclosure, the administrative judge was not required to further address the merits of the appellant's claim. *See, e.g.*, *Covarrubias v. Social Security Administration*, 113 M.S.P.R. 583, ¶ 17 (2010) (explaining that the Board need not address whether a disclosure was a contributing factor to a personnel action where the appellant has not made a nonfrivolous allegation that she made a protected disclosure), *overruled in part on other grounds by Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 n.5 (2014). Similarly, we need not analyze the merits of this claim because, although the appellant made a protected disclosure in his January 7, 2015 letter, he did not nonfrivolously allege that the disclosure was a contributing factor in the agency's decision to terminate him or thereafter refuse to rescind that action. *See McCarty v. Environmental Protection Agency*, 105 M.S.P.R. 74, ¶ 7 (2007) (stating that, before addressing the merits of an IRA appeal, the Board is required to determine that all the jurisdictional requirements have been met).

¶14     The appellant further argues that the administrative judge erred in failing to consider his claims that the agency violated his due process rights regarding notice of his termination, PFR File, Tab 1 at 16-17, and that the agency's "current explanations" for its actions are "post-hoc justifications," *id.* at 19-20. He also maintains that he did not, in fact, misuse his travel card. *Id.* at 20. Such claims relate to the merits of the termination action. The Board cannot consider the merits of an IRA appeal, though, unless and until the appellant establishes that the Board has jurisdiction over the appeal. *See McCarty*, 105 M.S.P.R. 74, ¶ 7.

The administrative judge did not abuse his discretion in denying the appellant's motion for sanctions.

¶15     The appellant argues on review that the administrative judge erred in not ruling on his motion for sanctions against the agency. PFR File, Tab 1 at 8-9; *see* IAF, Tab 17. Early in the adjudication of this appeal, the agency moved for an extension of time in which to respond to the acknowledgment order based on an error in service of that order and its claim of confusion as to which of the

appellant's several appeals it referred.  IAF, Tab 9.  The administrative judge granted the agency's motion.  IAF, Tab 10.  In his motion for sanctions, the appellant cited what he described as the agency representative's intentional misrepresentation of material facts before the Board, and he asked the administrative judge to revoke the extension.  IAF, Tab 17.  The agency responded in opposition to the appellant's motion.  IAF, Tab 20.

¶16      The administrative judge's failure to grant the appellant's motion may be interpreted as a decision to deny it.  The imposition of sanctions is a matter within the administrative judge's sound discretion and, absent a showing that such discretion has been abused, the administrative judge's determination will not be found to constitute reversible error.  *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012).  Although the appellant asserts that the agency had no reason to be confused as to which of his appeals was at issue, he has not shown that the agency exhibited bad faith regarding the acknowledgment order or that sanctions were necessary to serve the ends of justice.  *See Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000).  Consequently, we find that the appellant has not shown that the administrative judge abused his discretion in not granting the motion for sanctions.

The administrative judge's error in failing to rule on the appellant's stay request did not prejudice the appellant's substantive rights.

¶17      Finally, the appellant argues on review that the administrative judge committed adjudicatory error by not ruling on his stay request.  PFR File, Tab 1 at 7-8.  The record reflects that the appellant timely filed a stay request a few weeks after he filed his appeal.  IAF, Tab 5; 5 C.F.R. § 1209.8(a).  The administrative judge was required by the Board's regulations to rule on the request within 10 days (excluding Saturdays, Sundays, and Federal holidays) after the request was received.  5 C.F.R. § 1209.10(b).  He failed to do so.

¶18    To establish entitlement to a stay, an appellant must provide evidence and argument showing that there is a substantial likelihood that he will prevail on the merits of his claim that reprisal for a protected disclosure was a contributing factor in the personnel action. *See Mogyorossy v. Department of the Air Force*, 96 M.S.P.R. 652, ¶ 25 (2004). In his stay request, the appellant argued that his protected disclosure of agency delays in the reimbursement of travel claims was a contributing factor in his termination and that this disclosure and his later disclosure were contributing factors in the agency's refusal to reinstate him. IAF, Tab 5. Even if the appellant's claims constituted a nonfrivolous allegation of a protected disclosure that contributed to a personnel action, the agency submitted considerable documentary evidence in support of its charge that the appellant misused his Government travel card. IAF, Tab 12. We find, therefore, that the appellant did not provide evidence and argument demonstrating a substantial likelihood that he would prevail on the merits of his whistleblowing claim. Thus, we conclude that the administrative judge's failure to rule on the stay request did not affect the appellant's substantive rights. *See Panter*, 22 M.S.P.R. at 282.

ORDER

¶19    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory

deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.