NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3061

RONALD A. DAVIS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Ronald A. Davis, of Baltimore, Maryland, pro se.

Raymond W. Angelo, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3061

RONALD A. DAVIS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in PH1221070017-W-1.

_____

DECIDED:  May 16, 2008

_____

Before DYK and PROST, <u>Circuit Judges</u>, and HOCHBERG, <u>District Judge</u>.[*]

PER CURIAM.

Ronald A. Davis appeals a final decision of the Merit Systems Protection Board ("Board") dismissing his individual right of action ("IRA") that alleged reprisal for disclosures protected under the Whistleblower Protection Act of 1989 ("WPA"), 5 U.S.C. § 2302(b)(8), as insufficient to establish board jurisdiction.  <u>See</u> <u>Davis v. Dep't of Def.</u>, 106 M.S.P.R. 560 (2007).  Because we agree that Mr. Davis has not established jurisdiction, we <u>affirm</u>.

## BACKGROUND

Mr. Davis is a teller with the Defense Finance and Accounting Service, Defense

_____

[*]    Honorable Faith S. Hochberg, District Judge, United States District Court for the District of New Jersey, sitting by designation.

Military Pay Office in Fort Meade, Maryland. On August 19, 2005, Mr. Davis filed a complaint with the Office of Special Counsel ("OSC") alleging that his supervisor committed prohibited personnel practices including: (1) giving Mr. Davis a lower performance rating and not selecting him for a promotion because Mr. Davis refused to perform an illegal task, and (2) refusing to promote Mr. Davis in retaliation for Mr. Davis filing a grievance concerning his performance rating.[1] After Mr. Davis appealed to the Board, the administrative judge informed Mr. Davis that the Board lacks jurisdiction over a direct appeal of these personnel practices but would have jurisdiction over such personnel practices in the context of an IRA appeal containing a sufficient claim under the Whistleblower Protection Act of 1989 ("WPA"), 5 U.S.C. § 2302(b)(8). The Board dismissed Mr. Davis's appeal for lack of jurisdiction, Davis v. Dep't of Def., 103 M.S.P.R. 516, 522-23 (2006), and, on March 6, 2006, Mr. Davis filed a new complaint with OSC that incorporated the original August 19, 2005 complaint, added a claim that he was denied a cash award, and specifically alleged reprisal for whistleblowing.

After Mr. Davis filed an IRA appeal with the Board, the administrative judge dismissed Mr. Davis's appeal for lack of jurisdiction. Mr. Davis petitioned for review, and the Board issued a final decision affirming the dismissal for lack of jurisdiction based upon its own jurisdictional analysis. Davis v. Dep't of Def., 106 M.S.P.R. 560, 561 (2007). In evaluating whether it had jurisdiction, the Board assumed that Mr. Davis's complaints constituted disclosures protected by the WPA. Id. at 564. Then, the Board compared the dates of the complained-about personnel actions to the first

---

[1] According to the record, the August 19, 2005 complaint was the first complaint or grievance actually filed by Mr. Davis.

disclosure by Mr. Davis (on August 19, 2005) and determined that "the personnel actions complained about by the appellant predate his protected disclosures." Id. at 565. Because "there is no way that the disclosures could have in any way contributed to the personnel actions complained about by the appellant," the Board concluded that Mr. Davis failed to establish jurisdiction. Id. at 565-66. Mr. Davis timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The Board's jurisdiction is limited to those matters prescribed by the applicable laws, rules, and regulations. Johnston v. Merit Sys. Prot. Bd., 518 F.3d 905, 909 (Fed. Cir. 2008). The Board has jurisdiction over an IRA that alleges retaliation for "whistleblowing" activities only when an employee exhausts administrative remedies before OSC and makes a non-frivolous allegation that: (1) a "protected" disclosure was made, as specified by 5 U.S.C. § 2302(b)(8), and (2) "the disclosure was a contributing factor in the personnel action." Meuwissen v. Dep't of Interior, 234 F.3d 9, 12 (Fed. Cir. 2000). The appellant has the burden of establishing the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i). Whether the Board has jurisdiction is a question of law that this court reviews without deference, but we are bound by the Board's underlying factual findings "unless those findings are not supported by substantial evidence." Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998).

On appeal, Mr. Davis challenges the Board's determination that it lacked jurisdiction, presenting arguments directed to each prong of the jurisdictional test. Regarding the first prong, the administrative judge found that Mr. Davis's disclosures were not "protected" under the WPA, but the Board modified this finding and assumed

(for the purposes of the decision) that Mr. Davis's disclosures were, in fact, protected.[2] Davis, 106 M.S.P.R. at 564-65. Because we also make this assumption (for the purposes of appeal), we see no need to address Mr. Davis's arguments aimed at proving this point. Regarding the second prong, Mr. Davis provides two arguments to contest the Board's determination that the disclosure "could not have in any way contributed to the personnel actions" raised by Mr. Davis because those personnel actions "predate[d]" the disclosure. Id. at 565.

First, Mr. Davis asserts that the Board incorrectly concluded that the personnel actions predated the disclosure. The parties appear to agree that the disclosure is the first complaint that Mr. Davis filed with OSC on August 19, 2005, and Mr. Davis points to three personnel actions: (1) a performance rating, (2) the denial of a promotion, and (3) the denial of unspecified cash awards. With regard to the first and third personnel actions, Mr. Davis fails to present any allegation or evidence to establish that either of these personnel actions occurred after his August 19, 2005 disclosure.[3] With regard to the promotion, the Board made a factual finding that "uncontradicted evidence"

---

[2]   Mr. Davis also alleges error in other aspects of the administrative judge's initial decision. That initial decision, however, was modified by the Board and we review the Board's final decision. Accordingly, we do not address Mr. Davis's arguments alleging error in the initial decision by the administrative judge.

[3]   With regard to the cash awards, Mr. Davis simply requested "any awards which came due during this time period, more specifically during the period of June 2005 to August 2005 where I made payments to deceased soldiers next of kin for the new benefits authorized during this time." Most of this time period is clearly prior to Mr. Davis's August 19, 2005 disclosure, and, while the time period admittedly includes twelve days following the disclosure, Mr. Davis fails to identify, describe, or otherwise provide a non-frivolous allegation that he was denied any awards during that twelve-day period. See Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1036 (Fed. Cir. 1993) ("[S]ubstantive details establishing jurisdiction must be alleged in the complaint.").

supported the administrative judge's finding that Mr. Davis's supervisor selected another individual for the promotion at issue on August 10, 2005, which predated Mr. Davis's disclosure on August 19, 2005. Id. (identifying a document, signed and dated by the supervisor on August 10, 2005, that contained a referral list on which the supervisor indicated his selection for the promotion at issue).[4]

In an attempt to show error in the Board's finding, Mr. Davis asserts that: (1) an appellant need only allege that the personnel action occurred on a later date; (2) the personnel action was "continuing" until the other individual was actually appointed to the position (on October 31, 2005); and (3) the Board's finding was flawed because it denied Mr. Davis's request for additional discovery regarding the selection date. Like the Board, we reject these arguments. First, "[n]on-frivolous allegations cannot be supported by unsubstantia[ted] speculation in a pleading submitted by [a] petitioner" and require support from "affidavits or other evidence." Marcino v. U.S. Postal Serv., 344 F.3d 1199, 1204 (Fed. Cir. 2003). Second, we fail to see how the actual appointment date undermines the fact that Mr. Davis was effectively denied the promotion on the August 10th selection date. Third, the Board's decisions regarding discovery are reviewed for abuse of discretion, Barrett v. Social Sec. Admin., 309 F.3d 781, 786 (Fed. Cir. 2002), and we perceive no abuse of discretion in this case. In sum, none of Mr. Davis's arguments cause us to question the Board's finding that the personnel action occurred on August 10, 2005. See Bolton, 154 F.3d at 1316 (stating that this court is

---

[4] The fact that the document indicates an effective date of October 31, 2005, does nothing to undermine the conclusion that the actual appointment took place on August 10, 2005, prior to the alleged protected disclosure.

bound by the Board's factual findings "unless those findings are not supported by substantial evidence").

Mr. Davis also argues that even if the personnel actions did predate his August 19, 2005 complaint, he still satisfied the second prong because a "reasonable person" could find the disclosure to be a contributing factor in the personnel action. We, however, agree with the Board that no reasonable person could conclude that a disclosure was a contributing factor in a personnel action that has already occurred. See Horton v. Dep't of the Navy, 66 F.3d 279, 284 (Fed. Cir. 1995) (holding that a protected disclosure that occurred the day after the initiation of a proposed removal could not have been a contributing factor in the proposed removal). Moreover, while Mr. Davis attempts to establish that his supervisor considered Mr. Davis to be a whistleblower prior to the personnel actions, the Board's jurisdiction requires an appellant to non-frivolously assert that his protected disclosure was a contributing factor in the personnel action. Meuwissen, 234 F.3d at 12.

## CONCLUSION

Accordingly, we agree with the Board's conclusion that Mr. Davis failed to make a non-frivolous allegation that the disclosure was a contributing factor in the personnel actions, and we affirm the Board's conclusion that it lacked jurisdiction.

## COSTS

Each party shall bear its own costs.