**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

EARL MARTIN,

      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,

      Agency.

DOCKET NUMBER
NY-3443-15-0156-I-1

DATE: September 30, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William Davis, Montrose, New York, for the appellant.

Kathleen J. Tulloch, Esquire, Brooklyn, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    In this appeal, the appellant claimed that the agency committed harmful procedural error and engaged in prohibited personnel practices when it failed to select him for promotion to a Maintenance Worker position at the agency's hospital in Montrose, New York. Initial Appeal File (IAF), Tab, Tab 1. With his appeal, the appellant provided a partial copy of a complaint he filed with the Office of Special Counsel (OSC) about the same selection process. *Id.* at 9-19. The administrative judge issued an acknowledgment order, along with two separate jurisdictional orders, in which he informed the appellant that the Board lacks jurisdiction over such nonselections for promotion and set forth the appellant's burden to establish jurisdiction over his appeal by, among other things, making nonfrivolous allegations that the agency's decision was either made in retaliation for protected whistleblowing, was the product of discrimination based on uniformed service, or was made in violation of his veterans' preference rights. IAF, Tabs 2, 4-5. The appellant did not respond by the latest of the dates set forth for his responses in the administrative judge's orders, and the administrative judge subsequently dismissed the appeal for lack of jurisdiction based on the written record. IAF, Tab 10, Initial Decision (ID). On the day after the issuance of the initial decision, the appellant faxed a letter to the

regional office in which he argued the merits of his nonselection claim, but he failed to address the jurisdictional issue.[2]  IAF, Tab 12.

¶3        In his timely-filed petition for review, the appellant asserts that OSC dismissed his complaint because his union had unilaterally filed a grievance under the parties' negotiated procedure.  Petition for Review (PFR) File, Tab 1 at 3.  Although the appellant includes the first page of a letter in which OSC acknowledges receipt of his complaint, *id.* at 8, he fails to offer any support for his assertion that OSC has closed its investigation into his complaint.  He argues that "the administrative judge acted pre-maturely" in dismissing the appeal for lack of jurisdiction and accuses her of bias.  *Id.* at 2-4.  The appellant also contends that the Board has jurisdiction over the appeal as a mixed case regardless of whether the action is otherwise appealable to the Board because he raised the matter of discrimination.[3]  *Id.* at 3.  He resubmits the three-page letter he submitted after the administrative judge issued the initial decision.  *Id.* at 9-11. The appellant does not challenge the administrative judge's findings that he failed to establish jurisdiction under either the Veterans Employment Opportunities Act of 1998 or the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333).  *See* ID at 3-5.

¶4        The Board has jurisdiction over an individual right of action (IRA) appeal if the appellant has exhausted his administrative remedies before OSC and makes

---

[2] The administrative judge returned this submission to the appellant.  IAF, Tab 13.

[3] The Board lacks jurisdiction over the appellant's claims that the agency discriminated against him because such allegations do not provide the Board with an independent source of jurisdiction.  *Lethridge v. U.S. Postal Service*, 99 M.S.P.R. 675, ¶¶ 8-12 (2005); *see Perlmutter v. Department of the Air Force*, 41 M.S.P.R. 38, 39 (1989) (finding that the appellant failed to meet his burden of proof to establish Board jurisdiction over his performance rating and that the Board could not hear his discrimination complaint absent an otherwise appealable action).  Nor is this appeal a mixed case because the appellant's nonselection for promotion is not otherwise appealable to the Board and a mixed case involves both an appealable matter and a claim of discrimination.  *See Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1118 (Fed. Cir. 2013) (citing 5 U.S.C. § 7702(a)(1)).

nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). An appellant has not exhausted his OSC remedy unless he filed a complaint with OSC and either OSC notified him that it was terminating its investigation of his allegations or 120 calendar days have passed since he first sought corrective action. 5 U.S.C. § 1214(a)(3); *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010).

¶5      The appellant apparently filed his OSC complaint contemporaneously with his Board appeal. *See* ID at 5; *see also* IAF, Tab 1 at 16. Therefore, we agree with the administrative judge that, at the time he dismissed this IRA appeal, the appellant had not exhausted his OSC remedy and that the Board lacked jurisdiction over this IRA appeal. We therefore affirm the initial decision in that regard.

¶6      With his petition for review, the appellant submitted a letter from OSC, which indicates that it had received the appellant's complaint as of April 9, 2015, PFR File, Tab 1 at 8, and it is therefore clear that 120 calendar days have passed since the appellant first sought corrective action with OSC and he may now file an IRA appeal, 5 U.S.C. § 1214(a)(3); *Simnitt*, 113 M.S.P.R. 313, ¶ 8. Additionally, because the nonselection at issue is not otherwise appealable to the Board, the choice to use the negotiated grievance procedure does not appear to constitute an election of remedies under 5 U.S.C. § 7121(g) that would bar the filing of a subsequent IRA appeal. *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 12 (2013). Nevertheless, even though the Board's practice is generally to adjudicate an appeal that was premature when it was filed but becomes ripe while pending with the Board, *e.g.*, *Jundt v. Department of Veterans Affairs*, 113 M.S.P.R. 688, ¶ 7 (2010), for the following reasons, we decline to forward the appeal to the field office for further adjudication.

¶7 Although the appellant complains that the agency committed a prohibited personnel practice regarding the selection process for the position at issue, he never specifically alleges that the agency declined to select him for promotion in reprisal for an alleged protected disclosure. *See* IAF, Tab 1; PFR File, Tab 1. Instead, he asserts that his complaint itself "represents a disclosure matter" and makes his IRA appeal appropriate for consideration by OSC and within the Board's jurisdiction. PFR File, Tab 1 at 2. However, if his complaint is also his disclosure, then it cannot have been the reason for the agency's decision not to select him for promotion because, under that scenario, the agency took the personnel action before the appellant even made his alleged protected disclosure. *See, e.g.*, *Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶ 21 (2011); *Davis v. Department of Defense*, 106 M.S.P.R. 560, ¶ 12 (2007), *aff'd*, 278 F. App'x 1009 (Fed. Cir. 2008). Moreover, because the appellant has not shown that he raised a whistleblowing claim before OSC, he has not exhausted OSC proceedings as to any whistleblowing allegation he may have made in this Board appeal. *See, e.g.*, *Finston v. Health Care Financing Administration*, 83 M.S.P.R. 100, ¶¶ 9-10 (1999).

¶8 Accordingly, we find that the administrative judge correctly dismissed the appellant's appeal for lack of jurisdiction.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.