**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CYNTHIA FRAZIER,
                Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                Agency.

DOCKET NUMBER
DA-1221-15-0584-W-1

DATE: November 17, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cynthia Frazier, Ruston, Louisiana, pro se.

Patrick A. Keen, Shreveport, Louisiana, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113. We FORWARD the appellant's November 22, 2016 request to file a new IRA appeal to the Board's Dallas Regional Office for docketing as a new IRA appeal.

## BACKGROUND

¶2 The following background information, as recited in the initial decision, is generally undisputed. Initial Appeal File (IAF), Tab 26, Initial Decision (ID). The appellant began working for the agency in October 2010 as a Dietician Food Service Supervisor in the Nutrition and Food Services (NFS) department. ID at 2; IAF, Tab 7 at 8. During the relevant time frame, the appellant was supervised by the NFS Chief, T.L., and her second-line supervisor was the Associate Director, Y.J. ID at 2. There were various problems in NFS, which led to a fact-finding inquiry in the 2012-2013 timeframe. *Id.*

¶3 On October 23, 2014, T.L. issued to the appellant a letter of admonishment for conduct unbecoming a supervisor. ID at 3; IAF, Tab 7 at 179-80. On November 20, 2014, T.L. issued to the appellant a minimally satisfactory annual performance rating. ID at 4; IAF, Tab 7 at 114, 195, 198. In February 2015, the agency convened an Administrative Investigation Board (AIB) to investigate

allegations of a hostile work environment in NFS.  ID at 5; IAF, Tab 9 at 11-13. As a result of the ongoing AIB investigation, on March 17, 2015, the appellant was detailed to the Nursing Service for a period not to exceed 90 days.  ID at 5-6; IAF, Tab 9 at 15.  The AIB issued a preliminary statement, which concluded, in pertinent part, that the appellant "fosters a work environment of distrust of management among her staff" and recommended that she be reassigned out of NFS.  ID at 5; IAF, Tab 9 at 18-29.  The Interim Medical Center Director concurred with the AIB findings and recommendations.  ID at 5; IAF, Tab 9 at 29-30.

¶4      The appellant filed an IRA appeal, alleging that the agency retaliated against her for making whistleblowing disclosures when it issued the letter of admonishment, gave her the minimally satisfactory performance rating, detailed her to the Nursing Service, and subjected her to a hostile work environment.[2]  ID at 7, 10-11; IAF, Tab 1.  The administrative judge held a hearing.  ID at 1; IAF, Tab 25.  In a 41-page initial decision, the administrative judge found that the Board has jurisdiction over the IRA appeal.  ID at 7-12.  The administrative judge further found that the appellant proved by preponderant evidence that she made protected whistleblowing disclosures on May 7, 2014, and July 17, 2014, when she disclosed to the Acting Chief of Human Resources and the Veterans Integrated Service Network 16 Director, respectively, that T.L. abused her authority.[3]  ID at 13-25; IAF, Tab 7 at 57-58, 61-62.  The administrative judge

---

[2] The administrative judge noted in the initial decision that the appellant raised additional personnel actions in the Board appeal, such as a nonselection and a detail to a position that was located in an area with fungus from pigeon feces, but she concluded that the appellant did not exhaust these alleged personnel actions with the Office of Special Counsel (OSC).  ID at 11 n.3.  The appellant has not challenged that finding on review.

[3] The appellant does not challenge the administrative judge's finding that she did not exhaust her administrative remedy with OSC regarding her correspondence with Congress about a hostile work environment.  ID at 24-25; IAF, Tab 7 at 38-40.  We affirm the administrative judge's analysis in this regard.

further found that these two disclosures were contributing factors in the agency's decision to issue the letter of admonishment and minimally satisfactory performance rating and to detail the appellant to the Nursing Service. ID at 25-27. The administrative judge found, however, that the agency proved by clear and convincing evidence that it would have taken the same actions in the absence of the appellant's whistleblowing disclosures. ID at 27-36. Accordingly, she denied the appellant's request for corrective action. ID at 36.

¶5 The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 4. The appellant also has filed a request to file a new IRA appeal. PFR File, Tab 5. We forward that submission to the Dallas Regional Office for docketing as a new IRA appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 To establish a prima facie case of reprisal under the Whistleblower Protection Enhancement Act of 2012, the appellant must prove by preponderant evidence that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).[4] *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015). If the appellant makes out a prima facie case, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action absent the protected whistleblowing disclosures or protected activity. *Id.*; 5 U.S.C. § 1221(e)(2).

---

[4] Neither party has challenged the administrative judge's conclusion that the appellant proved by preponderant evidence that she made protected whistleblowing disclosures on May 7, 2014, and July 17, 2014, and that these disclosures were a contributing factor in the agency's decision to take various personnel actions against her. ID at 13-27. We affirm these findings herein.

¶7    In determining whether an agency has met its burden by clear and convincing evidence,[5] the Board considers the following (*Carr* factors):  (1) the strength of the agency's evidence in support of its actions; (2) the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who did not make protected disclosures or who did not engage in protected activity, but who are otherwise similarly situated.  *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 14 (2015); *see Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).[6]

¶8    On review, the appellant appears to challenge only the administrative judge's analysis of the first and second *Carr* factors.[7]  For example, she challenges the administrative judge's credibility determinations and asserts that the administrative judge improperly weighed the testimony of her witnesses.  PFR File, Tab 1 at 5.  She also contends that the AIB was "inappropriately" organized and conducted by T.L. and Y.J. and served as a "witch-hunt" against her because

---

[5] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established.  5 C.F.R. § 1209.4(e).  It is a higher standard than preponderant evidence.  *Id.*

[6] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on this issue.  However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, extended for 3 years in the All Circuit Review Extension Act, Pub. L. No. 113-70, 128 Stat. 1894, and eventually made permanent in the All Circuit Review Act, Pub. L. No. 115-195, 128 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction.  *See* 5 U.S.C. § 7703(b)(1)(B).  We are unaware of other circuit courts that have considered this issue.

[7] The appellant does not appear to challenge the administrative judge's discussion of evidence that T.L. took similar actions against similarly situated employees who did not make whistleblowing disclosures or her conclusion that there was no evidence that similarly situated employees who were not whistleblowers were treated more favorably.  ID at 32-33, 36.  We affirm the initial decision in this regard.

of her whistleblowing disclosures.[8]  PFR File, Tab 1 at 4.  She further asserts that the 14 employees the AIB interviewed were inappropriately selected by T.L., and some of them were motivated to provide false testimony against her.  *Id.*  We have considered these arguments, but we conclude that a different outcome is not warranted.

¶9        For example, the appellant asserts that she conducted herself in a "very professional manner at all times" and never engaged in conduct unbecoming a supervisor.  *Id.* at 5-6.  She contends that T.L. was a "professional actress" and that T.L. and Y.J. committed perjury.  *Id.* at 5.  Finally, she alleges that the 5 witnesses who testified on her behalf and the 25 witnesses who were not permitted to testify demonstrate that she was not the employee causing problems in NFS.  *Id.*

¶10       The administrative judge made numerous demeanor-based credibility determinations in the initial decision.  In particular, the administrative judge found that T.L. and Y.J. credibly described the appellant's various performance deficiencies and the reasons that the appellant had to be detailed out of NFS.  ID at 31-33.  The Board defers to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, overturning such determinations only when it has sufficiently sound reasons for doing so.  *See Haebe v.*

---

[8] The appellant appears to assert on review that the 2012-2013 inquiry concerning similar allegations in NFS also was undertaken in retaliation for her whistleblowing disclosures.  PFR File, Tab 1 at 4; ID at 13-14.  However, the inquiry predated both of the disclosures that the administrative judge found protected, and thus, these disclosures could not have been a factor in the agency's decision to undertake the inquiry.  *See, e.g.*, *Davis v. Department of Defense*, 106 M.S.P.R. 560, ¶ 12 (2007) (stating that because the complained-of personnel action predated the protected disclosure, there was no way the disclosure could have contributed to the personnel action), *aff'd*, 278 F. App'x 1009 (Fed. Cir. 2008).  Because the appellant does not challenge the administrative judge's conclusion regarding which of her disclosures were protected whistleblowing disclosures, we need not consider this argument on review.

*Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has failed to identify such sufficiently sound reasons here.

¶11    The appellant also contends that the administrative judge told her during a prehearing conference call that she would "assume" that the 25 other witnesses that the appellant wanted to present on her behalf would have testified in a similar manner to the 5 witnesses who were permitted to testify. PFR File, Tab 1 at 5. She appears to assert that, taken together, these 30 statements "spoke volumes" about the character of Y.J. and T.L. *Id.* Contrary to the appellant's assertion, in the order and summary of the prehearing conference call, the administrative judge acknowledged only that the appellant stated that the other witnesses' testimony would have been duplicative of the witnesses approved to testify at the hearing. IAF, Tab 23 at 5. We discern no error with the administrative judge's decision to limit the number of witnesses testifying on the appellant's behalf. *See Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985) (explaining that an administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8) to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious). Because the appellant did not present affidavits or sworn statements from any of the 25 other witnesses, we also discern no error with the administrative judge's evaluation of the witnesses' testimony.

¶12    The appellant further asserts that the Chair of the 2012-2013 inquiry testified that the appellant was not the cause of the distrust and discord in NFS. PFR File, Tab 1 at 5-6. The administrative judge noted in the initial decision that the food service workers that the Chair interviewed as part of that inquiry voiced concerns about T.L. and other supervisors but not the appellant, and the outcome of this inquiry was that NFS had a "dysfunctional environment." ID at 14, 29-30. However, the administrative judge did not explicitly mention or discuss the Chair's testimony in his consideration of the *Carr* factors. We have considered this evidence, *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012), but we find that it does not outweigh the strong evidence that supports

the agency's action, particularly the results of the 2015 AIB, which essentially superseded any conclusions reached as a result of the 2012-2013 inquiry.

¶13       Although not explicitly mentioned in the initial decision, T.L. and Y.J. could have had a motive to retaliate against the appellant because her protected disclosures concerned T.L.'s allegedly harassing behavior.  IAF, Tab 7 at 57-58, 61-62; *see Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 33 (2013) (finding that, even if an appellant's disclosures do not directly implicate or harm her superiors, her criticism reflecting on them both in their capacity as managers and employees is sufficient to establish a substantial retaliatory motive).  However, the administrative judge evaluated the demeanor of T.L. and Y.J., and she found that they credibly denied taking the personnel actions at issue because of any retaliatory animus; instead, they testified that they took the actions because of the appellant's performance deficiencies and the results of the 2015 AIB investigation.  ID at 27-36.  Here, too, the appellant has not presented sufficiently sound reasons for overturning the administrative judge's credibility determinations in this regard.  *See, e.g.*, *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (finding that the Board should have deferred to the administrative judge's findings about the appellant's potential for rehabilitation, which were necessarily intertwined with issues of credibility and an analysis of his demeanor at trial).

¶14       The appellant devotes most of her petition for review to challenging the 2015 AIB and its conclusions and recommendations.  PFR File, Tab 1 at 4-7.  For example, she argues that the AIB was "inappropriately conducted" by Y.J. and T.L., she generally disagrees with the AIB's findings and recommendations, she asserts that some of its findings were based on false statements, and she contends that the employees that she supervised were not interviewed.  *Id.* at 6.  These arguments are unavailing.

¶15       The record reflects that the Interim Medical Center Director asked the Equal Employment Opportunity Manager to convene an AIB to investigate allegations

of a hostile work environment in NFS. IAF, Tab 9 at 11-13. There is no evidence that the Interim Medical Center Director was improperly influenced by T.L. or Y.J. or otherwise had an ulterior motive when he made the request to convene the AIB. To the contrary, the Interim Medical Center Director adopted the recommendation from the Grievance Examiner that the appellant's challenge to the letter of admonishment and annual performance rating had merit, and he rescinded the letter of admonishment and changed her performance rating to fully successful. IAF, Tab 7 at 50, 106, 108-11. Moreover, the ongoing issues in NFS, including the tension between T.L. and the appellant over a period of several years, provided a basis to convene an AIB. PFR File, Tab 1 at 5; ID at 14; IAF, Tab 7 at 64; IAF, Tab 9 at 19 (finding in the AIB report that the "work environment in [NFS] is at a minimum dysfunctional with respect to the working relationship between [T.L. and the appellant] and discord being created by [the appellant] and a cadre of [NFS] staff . . . and at a maximum may rise to the level of a hostile work environment").

¶16    The AIB, which was conducted from March 10-12, 2015, received sworn testimony from 12 NFS staff members, including the appellant and T.L., and 2 non-NFS staff members (who were involved in the earlier 2012-2013 fact-finding inquiry). IAF, Tab 9 at 18. The appellant has presented no persuasive evidence that the manner in which the AIB was convened, the individuals that were selected to participate in the AIB, the evidence presented to the AIB, and/or the AIB's findings and recommendations[9] violated or were otherwise inconsistent with any agency policy or procedure. Accordingly, we discern no error with the

---

[9] For instance, the AIB found, among other things, that the appellant "demonstrates through behavior and interaction with staff under her direct supervision that she should not be a supervisor." IAF, Tab 9 at 24. The AIB also recommended that the appellant be reassigned to another area "to reduce ongoing conflict" in NFS and that the agency arrange for job counseling for her to include "awareness of conflict-producing behaviors and alternatives for positive supervisory outcomes." *Id.* at 29.

administrative judge's discussion of the AIB's findings and recommendations in her analysis of the *Carr* factors. ID at 33-35.

¶17     We have considered the appellant's arguments on review, but the lengthy and detailed initial decision reflects the administrative judge's careful consideration of the relevant evidence. We agree with the administrative judge that the agency proved by clear and convincing evidence that it would have taken the same personnel actions in the absence of the appellant's whistleblowing disclosures. We therefore affirm her decision to deny the appellant's request for corrective action.[10]

## NOTICE OF APPEAL RIGHTS[11]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[10] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.