# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOETTA JERNIGAN,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-1221-19-0250-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　　Agency. | DATE:  August 1, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun Yancey, Atlanta, Georgia, for the appellant.

Heather A. Pepin and Sheila Burns, Fort Liberty, North Carolina,
　　for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant nonfrivolously alleged that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) and was subjected to a significant change in duties, responsibilities, or working conditions, we AFFIRM the initial decision.

## BACKGROUND

The appellant, a Contracting Officer Representative, filed an IRA appeal in which she stated that she filed a complaint with the Office of Special Counsel (OSC) on July 29, 2016, in which she alleged that her former supervisor significantly changed her duties, and thereby subjected her to a hostile work environment, in retaliation for her disclosing to the agency's Office of Inspector General (OIG) in September 2015 that he misused contractors by attempting to require them to attend a barbeque and charge the Government for their time, and that there was asbestos in a building where her former supervisor was trying to place contractors. Initial Appeal File (IAF), Tab 1 at 7. She described in detail the contentious relationship she had with her former supervisor, dating back to 2014, *id.* at 7-12, and stated that it continued until she was assigned to another supervisor in April 2015, and even after, prompting her to file the OIG complaint, *id.* at 12. She also described other disclosures that she claimed she made about

her former supervisor, although she did not explain to whom she made these disclosures or when. These included alleged disclosures that her former supervisor hired personal friends, issued Blackberry phones to certain contractors without identifying in the contract the associated cost to the Government, and abused his authority by directing contractors to work outside the scope of their employment. And she stated that she reported witnessing derogatory comments made toward women by her former supervisor and other managers. *Id.* at 13. Finally, the appellant stated that on September 30, 2017, she was constructively removed from her position due to the continued harassing and retaliatory acts of her former supervisor.[2] *Id.* With her appeal, she submitted a copy of OSC's October 24, 2018 closure letter, *id.* at 16, and she requested a hearing, *id.* at 2.

In her response to the administrative judge's order on jurisdiction and proof requirements for IRA appeals, IAF, Tab 3, the appellant repeated her claims, added that she filed another OSC complaint on February 6, 2019, regarding her constructive removal, IAF, Tab 4 at 14, 22-27, and asked the Board to join that matter with this one once OSC issued a final determination regarding her claimed constructive removal,[3] *id.* at 17; IAF, Tab 9. The appellant did not, however, submit a copy of her 2016 OSC complaint or any other correspondence from or to OSC relating to that complaint, although she did resubmit OSC's closure letter of October 24, 2018, include a February 6, 2019 letter to OSC, and in accordance with the administrative judge's direction, submit an affidavit under penalty of perjury. IAF, Tab 3 at 7, Tab 4 at 21-37.

---

[2] The appellant retired, effective September 30, 2017, with Voluntary Separation Incentive Pay of $40,000. IAF, Tab 5 at 19.

[3] After issuance of OSC's closure letter on that complaint, and while the instant appeal was pending before the administrative judge, the appellant filed a second IRA appeal on June 17, 2019, and subsequently filed a petition for review of the initial decision. *Jernigan v. Department of the Army*, MSPB Docket No. DC-1221-19-0593-W-1. The Board will issue a separate decision on the appellant's petition for review in that matter, and, given our disposition here, any outstanding request to join the two matters is moot.

In an initial decision based on the written record, the administrative judge first denied the appellant's request for joinder of her two appeals. IAF, Tab 13, Initial Decision (ID) at 3 n.1. The administrative judge then found that the appellant established by preponderant evidence that she exhausted her claims that she made to the OIG that: (1) her former supervisor significantly changed her duties and created a hostile work environment; (2) he misused contractors by attempting to require them to attend a barbeque while charging their time to the Government, claims she made internally and to the OIG; and (3) he tried to place contractors in a building in which asbestos was present, leading to an agency investigation that substantiated her claims and caused the agency to halt the movement of contractors into the affected area and to abate the asbestos. ID at 5-7. The administrative judge dismissed for failure to exhaust the appellant's other alleged disclosures and the constructive removal action. ID at 7.

The administrative judge found, however, that the appellant failed to nonfrivolously allege that she made a protected disclosure. The administrative judge found that the appellant's alleged hostile work environment claim was vague and conclusory, and that her claims regarding the disclosures about the barbeque and the asbestos lacked specificity. ID at 7-8. The administrative judge further found that, even if the appellant could establish that her purported disclosures satisfied the nonfrivolous jurisdictional standard, she still failed to allege facts to show that these disclosures could have been a contributing factor in the agency's decision to take a personnel action, either a significant change in her duties or a hostile work environment. ID at 8-9. In this regard, the administrative judge found the record before OSC devoid of any evidence or allegations of fact to support a finding that the appellant's former supervisor had actual or constructive knowledge of the alleged disclosures she made to the OIG and that there was no evidence to suggest that her former supervisor believed that the appellant was the source of the investigation into the asbestos situation. ID

at 9. As such, the administrative judge dismissed the appellant's appeal for lack of jurisdiction. ID at 2, 9.

The appellant has filed a petition for review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant challenges the administrative judge's finding that she failed to introduce any evidence that she nonfrivolously alleged that she made protected disclosures.[4] The administrative judge considered the following as the appellant's alleged protected disclosures that she exhausted before OSC: that her former supervisor misused contractors by attempting to require them to attend a barbeque while charging their time to the Government, and that he jeopardized the safety of contractors by planning to have them move to and work in a building that had previously been placed on the demolition list due to its age and asbestos concerns. The administrative judge dismissed these claims as vague and conclusory. ID at 7-8.

The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s); *see also Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369

---

[4] We note that, in reaching this finding, the administrative judge considered the appellant's claim that she was subjected to a hostile work environment but found that it was vague and conclusory. ID at 7-8. Based on our review, and as set forth below, this claim is more properly analyzed as an alleged covered personnel action. *Skarada v. Department of Veterans Affairs,* 2022 MSPB 17, ¶ 16.

(Fed. Cir. 2020). Although the appellant claims that she made disclosures of a type that could be protected, she has not alleged to whom she made these disclosures or when, and therefore, she has not shown error in the administrative judge's finding that she failed to nonfrivolously allege that she made a protected disclosure of whistleblowing under 5 U.S.C. § 2302(b)(8). *See Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 14 (2014) (stating that, for an appellant to raise a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8), the disclosure must be specific and detailed and not a vague allegation of wrongdoing).

However, in reviewing the documents the appellant submitted—notably her statement, acknowledged by OSC, that her September 2015 disclosure to the OIG led to an investigation that substantiated her claims and caused the agency to halt the movement of contractors into the worksite and abate the asbestos,[5] IAF, Tab 1 at 16, Tab 4 at 29, 34, we find that the appellant only alleged that she made these disclosures to the OIG in her September 2015 complaint. The administrative judge did not address the OIG complaint when she found that the appellant failed to nonfrivolously allege that she made a protected disclosure. We do so now and modify the initial decision accordingly.

Pursuant to the Whistleblower Protection Enhancement Act of 2012, disclosing information to an agency's OIG in accordance with applicable provisions of law is protected for purposes of filing an IRA appeal. 5 U.S.C. § 2302(b)(9)(C). Although the appellant described her complaint as one of "whistleblower reprisal," IAF, Tab 34, in fact, the nature of the disclosures to the OIG is not relevant at the jurisdictional stage. *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. We find, therefore, that the appellant nonfrivolously alleged that she engaged in protected activity when she filed an OIG complaint.

---

[5] The appellant did not submit a copy of her OIG complaint.

We now consider whether the appellant has nonfrivolously alleged that she was subjected to a covered personnel action, specifically, a significant change in her duties and responsibilities which created a hostile work environment. In *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16, the Board clarified that although the term "hostile work environment" has a particular meaning in other contexts, allegations of a hostile work environment may establish a personnel action in an IRA appeal only if they meet the statutory criteria under 5 U.S.C. § 2302(a)(2)(A), i.e., constitute a significant change in duties, responsibilities, or working conditions. Thus, although the "significant change" personnel action should be interpreted broadly to include harassment and discrimination that could have a chilling effect on whistleblowing or otherwise undermine the merit system, only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by section 2302(a)(2)(A)(xii). *Skarada*, 2022 MSPB 17, ¶ 16.

Here, the appellant stated that she reported her former supervisor's harassing behavior to the OIG, describing in her affidavit several instances in which he yelled at her during meetings, ostracized her, and otherwise treated her harshly. IAF, Tab 4 at 31-35. Such claims could constitute a nonfrivolous allegation of a significant change in duties, responsibilities, or working conditions. *See id*.

However, even if the appellant's claims constitute a nonfrivolous allegation that she suffered a significant change in her duties, responsibilities, or working conditions which resulted in a hostile working environment, to establish the Board's jurisdiction, she must also nonfrivolously allege that her protected activity was a contributing factor in the agency's decision to take a personnel action. *See Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 14. To satisfy this criterion at the jurisdictional stage, an appellant need only raise a

nonfrivolous allegation that the fact of, or content of,[6] the protected disclosure or activity was one factor that tended to affect the personnel action in any way. *Id.* One way to establish this criterion is by the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action had actual or constructive knowledge of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *See id.*, ¶ 15; *Dorney v. Department of the Army,* 117 M.S.P.R. 480, ¶ 11 (2012). Here, the appellant has not alleged that her former supervisor had actual or constructive knowledge of her OIG complaint. Her allegation that she suffered a change in her duties which resulted in a hostile working environment stems from events that occurred in 2014 and early in 2015, IAF, Tab 4 at 31-35, before she filed her OIG complaint in September 2015, *id.* 34. Therefore, this does not constitute a nonfrivolous allegation that her filing of the OIG complaint was a contributing factor in her being subjected to a significant change in duties and responsibilities which created a hostile work environment. *See Davis v. Department of Defense*, 106 M.S.P.R. 560, ¶ 12 (2007) (stating that, because the complained of personnel action predated the protected disclosure, there was no way the protected disclosure could have contributed to the personnel action), *aff'd*, 278 F. App'x 1009 (Fed. Cir. 2008). Thus, we find that the appellant has not made a nonfrivolous allegation satisfying the knowledge/timing test.

Because the appellant has failed to make a nonfrivolous allegation that her OIG complaint was a contributing factor to the personnel action of which she complained, she has not established the Board's jurisdiction over her appeal, and it must be dismissed on that basis. *Id.*, ¶ 14.

---

[6] As noted, however, the content of a disclosure to the OIG is not relevant in this analysis. *Fisher*, 2023 MSPB 11, ¶ 8.

**NOTICE OF APPEAL RIGHTS**[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:             _____

                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.