**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SETH FRANCIS LUCHERINI,
 Appellant,

DOCKET NUMBER
AT-1221-24-0404-W-1

 v.

DEPARTMENT OF
 TRANSPORTATION,
 Agency.

DATE: March 5, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

Seth Francis Lucherini, Key Largo, Florida, pro se.

Marquitta Robinson, Fort Worth, Texas, for the agency.

Robert Espy, Esquire, College Park, Georgia, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant is employed as an Air Traffic Control Specialist (ATCS) at the Federal Aviation Administration's Miami, Florida Air Tower Control Center (ARTCC). Initial Appeal File (IAF), Tab 1 at 1. On October 30, 2023, he filed a complaint with the Office of Special Counsel (OSC) alleging that he was issued a letter of reprimand (LOR) in retaliation for his protected disclosures or activities. *Id.* at 10-16. On February 21, 2024, OSC advised the appellant that it was terminating its inquiry and provided him with notice of his right to file an IRA appeal and seek corrective action from the Board. *Id.* at 17. In the close-out letter, OSC identified the claims that it reviewed as the appellant's allegation that agency officials improperly targeted him with offensive and improper personnel actions, failed to discipline another coworker's misbehavior, and disciplined him with an LOR in retaliation for his filing of an equal employment opportunity (EEO) complaint against agency officials. *Id.*

On March 17, 2024, the appellant timely filed the instant Board appeal and requested a hearing. *Id.* at 1-4. The administrative judge issued a jurisdictional order in which she apprised the appellant of the applicable law and burden of proof requirements for an IRA appeal and ordered him to submit evidence and argument establishing Board jurisdiction over his appeal. IAF, Tab 3. In response, the appellant identified that he raised the following protected disclosures or activities with OSC: (1) on or around January 25, 2022, he reported to an Occupational Safety and Health Administration (OSHA) representative that some dead trees needed to be cut down; and (2) on January 12, 2023, he filed an EEO complaint regarding management officials unfairly targeting him for discipline. IAF, Tab 4 at 4. In retaliation for these disclosures,

the appellant alleged that he was issued a letter of conversation in January 2022, and an LOR on March 8, 2023.[2] *Id.*

After the record on jurisdiction closed, the administrative judge issued an initial decision dismissing the appeal for lack of Board jurisdiction without holding the appellant's requested hearing. IAF, Tab 12, Initial Decision (ID) at 1, 11-12. She found that the appellant exhausted his administrative remedies before OSC regarding his report to the OSHA representative. ID at 4-6. Nevertheless, she concluded that he failed to nonfrivolously allege that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) in connection with this claim. ID at 7-8. Alternatively, she concluded that even assuming he had nonfrivolously alleged that his reporting of the dead trees to OSHA was a protected disclosure, he nevertheless failed to nonfrivolously allege that this disclosure was a contributing factor in the agency's decision to issue the LOR—the only covered personnel action that he had exhausted with OSC. ID at 8-11. Consequently, she dismissed the appeal for lack of jurisdiction.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

On petition for review, the appellant reargues that the dead trees were a dangerous situation and that he received a letter of conversation in retaliation for reporting the issue to the OSHA representative. PFR File, Tab 1 at 4. He also provides additional background regarding his January 2023 EEO complaint, stating that he filed the complaint following an October 15, 2022 disagreement

---

[2] As the administrative judge acknowledged in the initial decision, although the LOR is dated March 7, 2022, the appellant asserts that this is a typographical error and the document was actually issued on March 7, 2023, and delivered to him on March 8, 2023. IAF, Tab 12, Initial Decision (ID) at 9 n.2; IAF, Tab 1 at 6; Tab 4 at 4. The agency has not disputed this point. IAF, Tab 7 at 5.

with several agency officials, and reasserts that he received the LOR in March 7, 2023, in retaliation for his EEO complaint. *Id.* He also points to statements from agency supervisors regarding the issuance of the LOR that he argues evidence retaliatory intent. *Id.* Finally, the appellant includes copies of emails during the period from January 2022 through August 2023 that he argues show that the agency treated him more harshly than it did other employees when it issued the LOR.[3] *Id.* at 4-9.

<u>The appellant failed to nonfrivolously allege that he made a protected disclosure in connection with his reporting of the dead trees to the OSHA representative.</u>

To establish Board jurisdiction over an IRA appeal, an appellant must exhaust his administrative remedies before OSC and make nonfrivolous allegations that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *See Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 5, 10, 14. An appellant in an IRA appeal must prove by preponderant evidence that he exhausted his administrative remedies by seeking corrective action from OSC before seeking corrective action from the Board. *Id.*, ¶¶ 10-11; 5 U.S.C. § 1214(a)(3); 5 C.F.R. § 1201.57(c)(1).

---

[3] Regarding the emails the appellant has provided for the first time with his petition for review, the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). All of the emails are dated before the record on jurisdiction closed below, and so none of them are new. PFR File, Tab 1 at 5-9; *see Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (concluding that under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material). Additionally, as the appellant notes, all of the emails concern incidents of other employees causing a distraction that he alleges resulted in less severe discipline than he received, and so they are not relevant to the jurisdictional question at issue in this appeal. Accordingly, they are also not material, and so we have not considered them. PFR File, Tab 1 at 4; *see Okello*, 112 M.S.P.R. 563, ¶ 10.

A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016). The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.* The disclosures must be specific, not vague allegations of wrongdoing. *Id.*; *see El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015) (stating that vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

In the initial decision, the administrative judge concluded that the appellant exhausted with OSC his disclosure that there were dead trees that needed to be cut down, noting that OSC had acknowledged this allegation in its preliminary determination letter, describing the appellant's claim that he informed the OSHA representative that the dead trees posed a safety risk outside of the control center building. ID at 7; IAF, Tab 4 at 4, Tab 10 at 5. The administrative judge nevertheless determined that the appellant had failed to nonfrivolously allege that he made a protected disclosure in connection with his statements to the OSHA official, noting that he had failed to offer any specific allegation or evidence of past or future likely harm in relation to the dead trees. ID at 7-8. Quoting the U.S. Court of Appeals for the Federal Circuit, the administrative judge noted that to show whether an identified danger was sufficiently substantial and specific to constitute a protected disclosure under 5 U.S.C. § 2302(b)(8), the court has

required parties to show "specific allegations or evidence either of actual past harm or of detailed circumstances giving rise to a likelihood of impending harm," and she concluded that the appellant failed to make such a showing. ID at 7-8 (quoting *Chambers v. Department of the Interior*, 602 F.3d 1370, 1376 (Fed. Cir. 2010)).

On review, the appellant has provided some additional context for this claim, alleging that he told the OSHA official about the dead trees because of their proximity to the walking path. PFR File, Tab 1 at 4. However, the appellant's argument provides no basis to disturb his findings. We agree that the appellant's vague and nonspecific allegation that the dead trees could pose a potential danger is insufficient to constitute a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8). *See Herman v. Department of Justice*, 193 F.3d 1375, 1379 (Fed. Cir. 1999) (determining that the disclosure of a danger only potentially arising in the future is not a protected disclosure), *abrogated on other grounds by Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1372 n.1 (Fed. Cir. 2001); *Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 13 (2006) (stating that a protected disclosure must be specific and detailed, not a vague allegation of wrongdoing regarding broad or imprecise matters); *Sazinski v. Department of Housing and Urban Development*, 73 M.S.P.R. 682, 686 (1997) (acknowledging that "revelation of a negligible, remote, or ill-defined peril that does not involve any particular person, place, or thing" does not constitute a protected disclosure). Accordingly, we agree that the appellant has failed to nonfrivolously allege that he made a protected disclosure in connection with his reporting of dead trees near the control center building to an OSHA official on January 25, 2022.

The appellant nonfrivolously alleged that he engaged in protected activity in connection with his EEO complaint.

After the appellant responded to the administrative judge's initial IRA jurisdiction order, the administrative judge issued a second jurisdiction order

finding that the Board lacked jurisdiction to consider the appellant's claim that he was retaliated against for filing an EEO complaint. She reasoned that allegations of retaliation for exercising rights under Title VII do not fall within the scope of section 2302(b)(8) and that therefore this claim was not a proper subject for inclusion in the appellant's IRA appeal. IAF, Tab 9 at 2. Because she concluded that the Board lacked jurisdiction over this claim, she did not address it in the initial decision. ID at 2 However, following the issuance of the initial decision in this case, the Board issued decisions in *Reese v. Department of the Navy*, 2025 MSPB 1, ¶¶ 44-51, and *Holman v. Department of the Army*, 2025 MSPB 2, ¶¶ 12-13, in which the Board clarified that an agency's EEO office may constitute an agency "component responsible for internal investigation or review," such that filing a complaint with the EEO office constitutes protected activity under 5 U.S.C. § 2302(b)(9)(C). In finding that the appellant's EEO complaint was not protected, the administrative judge and the parties did not have the benefit of the Board's decisions in *Resse* and *Holman*. Accordingly, we will analyze the appellant's claim that he engaged in protected activity in connection with his January 2023 EEO complaint and that agency officials issued the LOR in retaliation for his complaint in the first instance, applying *Reese* and *Holman*.

*The appellant exhausted his claim that he engaged in protected activity by filing his EEO complaint.*

As previously noted, the first jurisdictional element in an IRA appeal is exhaustion. *See Chambers*, 2022 MSPB 8, ¶ 5. In OSC's February 21, 2024 close-out letter, it identified the appellant's claim that agency officials disciplined him by issuing the LOR after he filed an EEO complaint against the involved officials. IAF, Tab 4 at 16. However, in OSC's preliminary determination letter issued the same day, it noted that the appellant had raised this claim but that OSC had not investigated it because, as a matter of policy, OSC "does not investigate retaliation claims that are reviewed under the agency's EEO process," and it informed the appellant that this claim "must also be addressed through your

agency's EEO process." *Id.* at 17. In response to OSC's preliminary determination letter, the appellant reiterated his belief that he received the March 2023 letter of reprimand in retaliation for his EEO complaint. *Id.* at 5.

To satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3), an appellant must provide OSC with a sufficient basis to pursue an investigation into his allegations of whistleblower reprisal. *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992); *Chambers*, 2022 MSPB 8, ¶ 10. To do so, an appellant need only show that he advised OSC of the "core of his retaliation claim," thus giving "OSC sufficient basis to pursue an investigation." *Briley v. National Archives and Records Administration*, 236 F.3d 1373, 1377-78 (Fed. Cir. 2001); *see Chambers*, 2022 MSPB 8, ¶ 10 (explaining that the appellant may give a more detailed account of his whistleblowing activities before the Board than he did to OSC (citing *Briley*, 236 F.3d at 1378)). Although it appears that OSC declined to investigate this potential protected activity, we nevertheless conclude that the appellant exhausted this claim by providing OSC with a sufficient basis to pursue an investigation into this claim.

> *The appellant nonfrivolously alleged that his EEO complaint constituted protected activity under 5 U.S.C. § 2302(b)(9)(C).*

In concluding in the second IRA jurisdictional order that the appellant's EEO complaint was not protected, the administrative judge noted that the appellant's allegation of retaliation for exercising his rights under Title VII by filing his EEO complaint did not fall within the scope of 5 U.S.C. § 2302(b)(8), and instead alleged activity protected by section 2302(b)(9)(A)(ii), over which the Board lacks jurisdiction in an IRA appeal. IAF, Tab 9 at 2 (citing *Serrao v. Merit Systems Protection Board*, 95 F.3d 1569, 1575–76 (Fed. Cir. 1996); *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 689 (Fed. Cir. 1992)). We agree. In *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 24-25, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023), the Board held that an employee's complaint through an agency's EEO office that seeks to remedy

reprisal only for matters covered by Title VII does not constitute protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). Additionally, we note that the Board also clarified in *Reese* that an appellant's own EEO complaint does not constitute the protected activity under 5 U.S.C. § 2302(b)(9)(B) of "testifying for or otherwise lawfully assisting any individual" in "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation[.]" *Reese*, 2025 MSPB 1, ¶ 33. Accordingly, we conclude that the Board does not have IRA jurisdiction as it relates to either of these provisions.

We nevertheless find that the appellant nonfrivolously alleged that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) in connection with his EEO complaint. As previously noted, in *Holman*, the Board found that an agency EEO office constituted an agency "component responsible for internal investigation or review," such that filing a complaint with the EEO office is protected activity under 5 U.S.C. § 2302(b)(9)(C). *Holman*, 2025 MSPB 2, ¶¶ 12-13. In *Reese*, the Board concluded that the level of formality of the complaint process is of no consequence when analyzing whether a complaint is protected under section 2023(b)(9)(C); instead, the key question was whether the activity was directed to a covered investigatory entity. *Reese*, 2025 MSPB 1, ¶¶ 47-48. Finally, the Boad also found that the subject matter of the appellant's activity with the EEO office does not preclude it from coverage under section 2302(b)(9)(C), because the language of that provision, unlike section 2302(b)(8), is devoid of explicit content-based limitations. *Reese*, 2025 MSPB 1, ¶ 46; *see Holman*, 2025 MSPB 2, ¶ 12; *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8 (finding that, under the language of 5 U.S.C. § 2302(b)(9)(C), disclosures to an agency's Office of Inspector General or to OSC are protected regardless of their content). Here, the appellant filed an informal EEO complaint on January 12, 2023, and a formal complaint on March 13, 2023. IAF, Tab 4 at 4, Tab 7 at 11. Accordingly, he has made a nonfrivolous allegation that he engaged in activity protected under 5 U.S.C.

§ 2302(b)(9)(C) when he filed his informal and formal EEO complaints on those respective dates.

<u>The appellant nonfrivolously alleged that his EEO activity was a contributing factor in the agency's decision to issue the LOR, and he is entitled to a hearing on the merits of that claim.</u>

The next jurisdictional element in an IRA appeal requires that an appellant nonfrivolously allege that his disclosure or activity was a contributing factor in a personnel action. *See Chambers*, 2022 MSPB 8, ¶ 14. To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way. *Id.* One way to establish this factor is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Abernathy v. Department of the Army*, 2022 MSPB 37, ¶ 15.

As the administrative judge correctly determined, an informal letter of counseling—such as the letter of conversation the appellant received—does not itself constitute a covered personnel action, and so the only allegedly retaliatory

action at issue in this appeal is the LOR.[4]  ID at 9 (citing *Johnson v. Department of Health and Human Services*, 87 M.S.P.R. 204, ¶ 11 (2000)); *see* 5 U.S.C. § 2302(a)(2)(A).

> *The appellant failed to nonfrivolously allege that he was issued the LOR in retaliation for his March 13, 2023 formal EEO complaint.*

With respect to his March 13, 2023 formal EEO complaint, we conclude that the appellant has failed to nonfrivolously allege that this complaint was a contributing factor in the agency's decision to issue the LOR for two reasons. First, the appellant does not appear to allege that his formal EEO complaint was a protected activity in his pleadings, focusing instead on the date that he filed his informal complaint.  For example, in his complaint to OSC, the appellant argues that he received the LOR in retaliation for his EEO activity, but he identifies the January 12, 2023 informal complaint as the date that he engaged in his protected activity.  IAF, Tab 4 at 4.  In his Board appeal, he generally alleged that the LOR was issued in retaliation for his EEO activity without differentiating between his informal and formal complaints.  IAF, Tab 1 at 2.  Finally, in his response to OSC's preliminary determination letter, he again identified January 12, 2023, as the date of his protected EEO activity.  IAF, Tab 4 at 4.  Accordingly, the only activity the appellant appears to be arguing is protected is his initial EEO counseling and informal complaint filed on or around January 12, 2023.

---

[4] We note, however, that the Board has held that a threatened personnel action does constitute a covered personnel action under the whistleblower protection statutes, and so a counseling memorandum that warns of or threatens future discipline may rise to the level of a covered personnel action.  *See Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 10 (2015) (explaining that the term "threaten" in 5 U.S.C. § 2302 should be interpreted broadly and can encompass warnings of possible future discipline); *Campo v. Department of the Army*, 93 M.S.P.R. 1, ¶¶ 7-8 (2002) (finding that a counseling memorandum was a threatened personnel action when it warned of specific future charges and discipline if the behavior continued).  The appellant has not included a copy of the January 2022 letter of counseling in the record. Nevertheless, he has not alleged that it warned of any potential future discipline and thus constituted a threatened personnel action.

Second, the LOR predates the formal EEO complaint and therefore could not have contributed to the agency's decision to take that action. The appellant acknowledged in his pleadings that he was issued the LOR on March 7, 2023, and that he received it the following day. IAF, Tab 4 at 4. A copy of the final agency decision (FAD) included in the record identifies March 13, 2023, as the date that the appellant filed his formal complaint and also identifies the issuance of the LOR as one of the claims for investigation. IAF, Tab 7 at 10-11, 14-17. The Board has held that in such circumstances, when the allegedly retaliatory personnel action predates the protected disclosure or activity, contributing factor cannot be established. *See Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 27 (2013) (observing that, when alleged personnel actions predate an appellant's disclosures, the appellant cannot prove contributing factor under any theory); *Davis v. Department of Defense*, 106 M.S.P.R. 560, ¶ 12 (2007) (noting that, because the personnel actions complained about by the appellant predate his protected disclosures, there was no way that the disclosures could have in any way contributed to the personnel actions complained about by the appellant), *aff'd*, 278 F. App'x 1009 (Fed. Cir. 2008). Accordingly, we conclude that the appellant has failed to nonfrivolously allege that his March 13, 2023 formal EEO complaint was a contributing factor in the agency's decision to issue the LOR on March 7, 2023.

> *The appellant nonfrivolously alleged that he was issued the LOR in retaliation for his January 12, 2023 informal EEO complaint, and we remand the appeal for adjudication on the merits of that claim.*

With respect to the appellant's January 12, 2023 informal complaint, however, we conclude that he has nonfrivolously alleged that his filing of that complaint was a contributing factor in the agency's decision to issue the LOR. As previously noted, the most common way of establishing contributing factor is the knowledge/timing test. *Abernathy*, 2022 MSPB 37, ¶ 15; *see* 5 U.S.C. § 1221(e). Under that test, the Board has held that personnel actions occurring

within 1 to 2 years after the protected disclosures are sufficient to meet the timing portion of the test. *Abernathy*, 2022 MSPB 37, ¶ 15. The issuance of the LOR on March 7, 2023, within 3 months of the appellant initiating EEO counseling and filing his informal complaint on January 12, 2023, satisfies the temporal proximity element of the test. *See Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 12 (2008) (finding an interval of 2 to 3 months sufficiently close to satisfy the timing element of the knowledge/timing test).

Turning to the knowledge prong of the test, the official who issued the LOR, the Executive Officer (previously, Supervisory ATCS), was named as a responsible management official and interviewed as a part of the appellant's EEO complaint in advance of the issuance of a FAD. IAF, Tab 1 at 6-9, Tab 7 at 12-15. Additionally, in his response to OSC's preliminary determination letter, the appellant alleged that although he filed his formal EEO complaint in March 2023, several agency management officials were aware of his EEO activity in February 2023, and he asserts that the Executive Officer specifically informed the appellant that he was aware of his EEO activity at the time he issued the LOR. IAF, Tab 4 at 15.

In addition to proving actual knowledge, an appellant may satisfy the knowledge prong of the test with allegations of constructive knowledge. *Abernathy*, 2022 MSPB 37, ¶ 15. An appellant may establish an official's constructive knowledge of a protected disclosure by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.* Additionally, at the jurisdictional stage, an appellant may be able to establish the knowledge prong of the test even if he did not specifically identify the agency official responsible for a personnel action. *See Cahill v. Merit Systems Protection Board*, 821 F.3d 1370, 1373-76 (Fed. Cir. 2016) (finding that, given the contextual clues in the record, the appellant made a nonfrivolous allegation of contributing factor even though he did not specifically identify the agency officials who heard his disclosures); *see also Bradley v.*

*Department of Homeland Security*, 123 M.S.P.R. 547, ¶¶ 15-16 (2016) (finding that, at the jurisdictional stage of an IRA appeal, an appellant can meet his burden of proof regarding contributing factor without specifically identifying which management official was responsible for the reprisal).

In his petition for review, the appellant asserts that the events that became the basis for his EEO complaint occurred on October 15, 2022, when he was initially accused of causing a distraction within the control tower. PFR File, Tab 1 at 4; IAF, Tab 1 at 4. He states that after being investigated for causing the distraction, he filed the EEO complaint in January 2023, and thereafter met with the first-level supervisor of the Air Traffic Manager of the Miami ARTCC to discuss his EEO complaint and to attempt mediation. PFR File, Tab 1 at 4. He states that 2 months later, he received the LOR issued by the Executive Officer, who directly reported to the Miami Air Traffic Manager. *Id.* Continuing, the appellant states that the Executive Officer could not make a decision without the Air Traffic Manager's permission and alleges that "[i]n this case the decision was from [the Air Traffic Manager]." *Id.* Accordingly, the appellant appears to be suggesting that even if the Executive Officer did not have actual knowledge of his EEO complaint, he had constructive knowledge of the complaint because he was influenced by the Air Traffic Manager, who the appellant suggests was aware of his EEO complaint. *See Karnes v. Department of Justice*, 2023 MSPB 12, ¶ 19-20 (acknowledging that an appellant may be able to prove contributing factor by showing that an individual with actual or constructive knowledge of the protected activity influenced an official taking a personnel action). This characterization is consistent with the appellant's allegations to OSC, including his identifying the Air Traffic Manager as the retaliating official in his OSC complaint, and, in his response to OSC's preliminary determination letter, naming the Air Traffic Manager as the official who was actually responsible for issuing the LOR and complaining that OSC's letter did not reference his role. IAF, Tab 4 at 8-9, 12, 15. It is also consistent with his pleadings before the administrative

judge.  *Id.* at 4 ("Also, I would like to note that the letter of reprimand is from [the Executive Officer] but [the Air Traffic Manager] has final authority on it").

Taking the appellant's allegations as true, and recognizing that his burden at the jurisdictional stage is a low one, we conclude that he has nonfrivolously alleged that his protected activity of filing an informal EEO complaint on January 12, 2023, was a contributing factor in the decision to issue him an LOR on March 7, 2023.  *See Usharauli v. Department of Health and Human Services*, 116 M.S.P.R. 383, ¶ 19 (2011) (stating that any doubt or ambiguity as to whether the appellant made a nonfrivolous jurisdictional allegation should be resolved in favor of finding jurisdiction); *Jessup v. Department of Homeland Security*, 107 M.S.P.R. 1, ¶ 10 (2007) (observing that the appellant's burden of making a nonfrivolous allegation is low and requires only a minimally sufficient allegation).  Accordingly, remand of this appeal for a hearing on the merits of this claim is appropriate.  Although the appellant's allegations are sufficient to meet his jurisdictional burden, we emphasize that, on remand, he must prove by preponderant evidence that this protected activity was a contributing factor in the single covered personnel action.  *See generally Salerno*, 123 M.S.P.R. 230, ¶ 5.

**ORDER**

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.