NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD W. COLEMAN, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-2031

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-22-0109-W-1.

---

Decided: June 10, 2026

---

RICHARD WALTER COLEMAN, JR., Fredericksburg, VA, pro se.

CONSTANCE E. TRAVANTY, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

---

Before LOURIE, SCHALL, and TARANTO, *Circuit Judges*.

PER CURIAM.

## DECISION

Richard W. Coleman, Jr. petitions for review of the August 14, 2024 Final Order of the Merit System Protection Board ("Board"), Docket No. DC-1221-22-0109-W-1.  In the Final Order, the Board dismissed Mr. Coleman's December 3, 2021 individual right of action (IRA) appeal for lack of jurisdiction.  S.A. 1–19.[1]  Because the Board properly determined that it lacked jurisdiction over Mr. Coleman's appeal, we *affirm*.

## BACKGROUND

### I

The pertinent facts are undisputed.  In 2008, Mr. Coleman was hired as a Supervisory Explosives Specialist in the Hazardous Devices Branch (hereinafter referred to as "the Bomb Squad") of the Pentagon Force Protective Agency (PFPA or "agency").  S.A. 2.  The PFPA is a component of the Department of Defense.  Mr. Coleman's position was within the National Security Personnel Systems and included a 25% hazardous duty pay (HDP) supplement. *Id.*; *see* 5 U.S.C. § 5545(d)(2); 5 C.F.R. § 550.904.

On January 23, 2015, Mr. Coleman and other Bomb Squad employees attended a meeting with agency managers and Human Resources (HR) officials.  S.A. 2.  At the meeting, the Bomb Squad employees were informed that they had been erroneously receiving the HDP supplement and that the supplement would be discontinued. *Id.*  The HDP supplement was discontinued the following day, January 24, 2015. *Id.*  During a subsequent meeting with the HR Director on April 24, 2015, the Bomb Squad employees,

---

[1]   "S.A." refers to the Supplemental Appendix attached to the Respondent's Brief.

including Mr. Coleman, were provided with a written memorandum explaining the basis for the January 2015 decision. S.A. 3. The memorandum also informed Mr. Coleman that he was no longer eligible for HDP and that his position description had been updated to remove references to HDP. S.A. 106–07; S.A. 159. Thereafter, in July 2015, Mr. Coleman received a new position description that did not include a reference to HDP. S.A. 108.

Beginning in February 2015, via a series of protected disclosures (eleven in all), Mr. Coleman repeatedly challenged the decision to discontinue HDP. S.A. 50–89. The first of the disclosures was on February 2, 2015. S.A. 50–51. The last of the disclosures was on February 12, 2018. S.A. 78.

On October 19, 2017, Mr. Coleman filed a complaint with the Office of Special Counsel (OSC) under the Whistleblower Protection Enhancement Act of 2012 (WPEA) (amending 5 U.S.C. § 2302). In his complaint he alleged that, in reprisal for his protected disclosures concerning the termination of his HDP, the agency continued to deny him HDP and had reassigned him. S.A. 127–38. On November 18, 2021, OSC issued a letter indicating that, although the matter remained open, OSC did not intend to seek corrective action on Mr. Coleman's behalf. *See* S.A. 96. Mr. Coleman was informed that, therefore, he could file an individual right of action (IRA) appeal with the Board, because 120 days had passed since he first sought corrective action from OSC. *Id.*

II

On December 3, 2021, Mr. Coleman filed an IRA appeal with the Board in which he alleged that in reprisal for his various protected disclosures concerning his contention that the termination of his HDP was illegal, the agency refused to reinstate his HDP. S.A. 160–64. In a subsequent jurisdictional submission, he also alleged that he was subjected to an illegal reassignment when the agency removed

the HDP from his position description in reprisal for his alleged protected disclosures 6, 8, 10, and 11. S.A. 64, 70, 77, 79.

On December 30, 2022, the administrative judge (AJ) to whom Mr. Coleman's appeal was assigned issued an initial decision dismissing the appeal for lack of jurisdiction. *See* S.A. 20–37. The AJ found, inter alia, that Mr. Coleman failed to non-frivolously allege that any of his alleged protected disclosures were a contributing factor in the denial of his HDP because the decision to terminate his HDP was made prior to any of the protected disclosures. S.A. 29; *see also* S.A. 23–24. The AJ also found that Mr. Coleman failed to non-frivolously allege that he had made a protected disclosure under 5 U.S.C. § 2302(b)(8). S.A. 25–29. Following the AJ's initial decision, Mr. Coleman petitioned the Board for review. *See* S.A. 41.

On August 14, 2024, the Board issued its Final Order, affirming the AJ's initial decision, as modified to clarify the basis for concluding that Mr. Coleman failed to meet his jurisdictional burden. S.A. 1–19. The Board found that Mr. Coleman failed to non-frivolously allege that his alleged protected disclosures were a contributing factor in the discontinuation of his HDP because all the alleged protected disclosures post-dated the discontinuation of his HDP. S.A. 8–9. The Board also addressed Mr. Coleman's claim that, in reprisal for disclosures 6, 8, 10, and 11, he was subjected to an "illegal reassignment" based on the April 24, 2015 decision to issue him a new position description. S.A. 12–13; *see also* S.A. 64, 70, 77, 79. The Board found that Mr. Coleman failed to non-frivolously allege that these disclosures were contributing factors because each of them came after his reassignment on April 24, 2015. *See* S.A. 12–13; S.A. 62, 68, 74, 78. Having found that Mr. Coleman had failed to non-frivolously allege that any of his disclosures was a contributing factor in the agency's personnel action, the Board did not address the AJ's alternate finding that Mr. Coleman had failed to non-

frivolously allege that he made a protected disclosure. S.A. 13 n.6.

Finally, the Board rejected Mr. Coleman's "continuing reprisal" argument that the agency's failure to resume payment of the HDP after its initial January 23, 2015 decision to deny HDP, effective January 24, 2015, gave rise to a separate retaliatory personnel action for each payday that he did not receive the HDP supplement. *See* S.A. 8–11. The Board reasoned that the January 23, 2015 decision was a single discrete act, and the fact that the effects of that decision were reflected in subsequent paychecks did not transform the discrete action into a continuing personnel action.

This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### DISCUSSION

### I

"Our review of a decision of the [B]oard is circumscribed by statute." *Hicks v. Merit Sys. Prot. Bd.*, 819 F.3d 1318, 1319 (Fed. Cir. 2016). "We must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Wrocklage v. Dep't of Homeland Sec.*, 769 F.3d 1363, 1366 (Fed. Cir. 2014). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks omitted).

"Whether the [B]oard ha[s] jurisdiction to adjudicate a case is a question of law, which we review de novo." *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). "[T]he Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the OSC and makes non-frivolous allegations that (1) he

engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action." *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (internal quotation marks omitted). A protected disclosure under § 2302(b)(8) is one that the employee "reasonably believes evidences (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C § 2302(b)(8)(A). "A petitioner bears the burden of establishing that the Board has jurisdiction by a preponderance of evidence." *McCarthy v. Merit Sys. Prot. Bd.*, 809 F.3d 1365, 1373 (Fed. Cir. 2016).

II

As noted, an appellant must demonstrate that he made a protected disclosure and that "the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action." *Yunus*, 242 F.3d at 1371; *see also*, *e.g.*, *El v. Merit Sys. Prot. Bd.*, 663 F. App'x 921, 925 (Fed. Cir. 2016); *Davis v. Merit Sys. Prot. Bd.*, 278 F. App'x 1009, 1012–13 (Fed. Cir. 2008). Because all of Mr. Coleman's protected disclosures were made after the January 24, 2015 discontinuance of his HDP, the personnel action he protests, the Board did not err in concluding that none of them was a contributing factor in the personnel action.

On appeal Mr. Coleman argues that the instant case involves "the agency's repeated, post-disclosure decisions to continue denying a statutory entitlement" after learning through his continuing protected disclosures that the termination of HDP was unlawful. Pet'r's Br. 16. According to Mr. Coleman, "[t]he agency's continued refusal to reinstate HDP after receiving Appellant's disclosures . . . is independently actionable." Pet'r's Br. 16–17.

The Board also did not err in rejecting Mr. Coleman's theory of continuing reprisals. Subsequent consequences

of a discrete act of reprisal do not constitute separate acts of reprisal so as to render the original violation continuing under the WPEA. *See Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 667 (Fed. Cir. 1998) (addressing the prior Whistleblower Protection Act of 1989 and holding that the continued monetary effects of a denial of a pay increase in 1988 were not separate continuing violations beyond the 1988 discrete act); *Hamley v. Dep't of the Interior*, 122 M.S.P.R. 290, 294 (2015) (finding that the appellant's continued performance of changed duties after the June 30, 2012 discrete act did not give rise to separate acts of continuing reprisal).

We have considered Mr. Coleman's additional arguments and have found them to be without merit.

## CONCLUSION

For the forgoing reasons, we affirm the Final Order of the Board dismissing Mr. Coleman's IRA appeal for lack of jurisdiction.

## **AFFIRMED**

### COSTS

No costs.